## Giovanna Tufaro *v.* Pepperidge Farm, Inc.
### (9257)

Dupont, C. J., Daly and Norcott, Js.

Submitted on briefs January 11—decision released March 12, 1991

*George N. Nichols* and *Christopher M. Hodgson* filed a brief for the appellant (defendant).

*Robert R. Sheldon* filed a brief for the appellee (plaintiff).

DALY, J. The issue presented in this appeal is whether the defendant employer is obligated to continue the group benefits plan insurance coverage for the plaintiff's dependents while the plaintiff continues to receive workers' compensation benefits under General Statutes § 31-275 et seq.

The facts underlying this claim are not in dispute. On or about June 26, 1984, the plaintiff injured her hand and wrist in a conveyor belt accident at the defendant's Norwalk plant. While the plaintiff was on medical leave, the defendant continued to provide group hospital, major medical and dental insurance coverage for her and her dependents. In March of 1986, the plaintiff's physician notified the defendant that the plaintiff would probably be unable to return to her job and recommended light work. The defendant could not provide a light work position for the plaintiff and notified her that unless she returned to work by April 13, 1986, her employment would terminate and her dependents' benefits would cease. The dependents' benefits were terminated on April 15, 1986, and the plaintiff subsequently filed a complaint, seeking insurance coverage for hospital, major medical and dental expenses for herself, her husband and her children until they were to become ineligible by virtue of age or loss of full-time student status. At the time of the complaint, the plaintiff was receiving workers' compensation benefits.

After conducting a formal hearing, the commissioner relied on General Statutes § 31-284b in making his findings and ordered the defendant to provide the plaintiff and her dependents with group benefits and to reimburse her for certain medical costs incurred. Thereafter, the defendant filed its petition for review and a motion for correction of finding with the compensation review division. The compensation review division upheld the determination of the commissioner. This appeal followed.

The defendant claims that General Statutes § 31-284b[1] is constitutionally infirm because it has been

[1] General Statutes § 31-284b provides in relevant part: "(a) In order to maintain, as nearly as possible, the income of employees who suffer employment-related injuries, any employer, as defined in section 31-275,

preempted by the federal Employee Retirement Income Security Act of 1974 (ERISA),[2] but, if valid, General Statutes § 31-284b applies only to the plaintiff and not to her dependents. Both the commissioner and the compensation review division refused the defendant's request to decide the issue of preemption and ruled that the dependents' benefits are part of a worker's income that is to be maintained by the employer, pursuant to General Statutes § 31-284b. We disagree with the defendant and affirm the ruling of the compensation review division.

The commissioner and the compensation review division expressly declined to address the issue of preemption because their quasijudicial power did not empower them to decide such a question. "The powers and duties of workers' compensation commissioners are conferred upon them for the purposes of carrying out the stated provisions of the Workers' Compensation Act. General Statutes § 31-278." *Adams* v. *New Haven,* 39 Conn. Sup. 321, 324, 464 A.2d 70 (1983). "Such a tribunal . . . is not a court." *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 149, 93 A. 245 (1915). It is well settled that the commissioner's jurisdiction is confined by the workers' compensation act and limited by its provisions. *Gagnon* v. *United Aircraft Corporation,* 159 Conn. 302, 305, 268 A.2d 660 (1970). It is the duty of the judiciary, however, to determine the constitutionality of a state statute. *Caldor, Inc.* v. *Thornton,* 191 Conn. 336,

who provides accident and health insurance or life insurance coverage for any employee or makes payments or contributions at the regular hourly or weekly rate for full-time employees to an employee welfare fund, as defined in section 31-53, shall provide to such employee equivalent insurance coverage or welfare fund payments or contributions while the employee is eligible to receive or is receiving workers' compensation payments pursuant to this chapter, or while the employee is receiving wages under a provision for sick leave payments for time lost due to an employment-related injury."

[2] 29 U.S.C. § 1001 et seq.

342–44, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985). Thus, neither the commissioner nor the compensation review division has been granted authority to consider constitutional issues, specifically the constitutionality of General Statutes § 31-284b.

Moreover, the question of preemption is one of federal law, arising under the supremacy clause of article sixth of the United States constitution. *Times Mirror Co.* v. *Division of Public Utility Control,* 192 Conn. 506, 510, 473 A.2d 768 (1984). Recently, the Second Circuit Court of Appeals affirmed the district court's holding that General Statutes § 31-284b is not preempted by ERISA because it falls within an exception to preemption provided for by 29 U.S.C. § 1003 (b) (3). *R.R. Donnelley & Sons Co.* v. *Prevost,* 915 F.2d 787, 791–94 (2d Cir. 1990). Therefore, the defendant's question of preemption is now settled.

We now reach the defendant's second claim that General Statutes § 31-284b does not require the continuance of dependents' benefits for a worker receiving compensation under the act. In relevant part, General Statutes § 31-284b provides: "(a) In order to maintain, as nearly as possible, the *income* of employees who suffer employment-related injuries, any employer . . . who provides accident and health insurance or life insurance coverage for any *employee* . . . shall provide to such *employee* equivalent insurance coverage . . . while the *employee* is eligible to receive or is receiving workers' compensation payments pursuant to this chapter . . . ." (Emphasis added.) The defendant argues that because the statute refers only to an employee, and not to dependents,[3] an employer need not maintain dependent benefits.

[3] General Statutes § 31-275 (4) defines in relevant part: " 'Dependent' . . . means a member of the injured employee's family or next of kin . . . ."

Legislative intent is not found in an isolated sentence or word of a statute but must be sought in the entirety of an enactment, its parts reconciled and made operative as far as possible. *Orticelli* v. *Powers,* 197 Conn. 9, 13–14, 495 A.2d 1023 (1985); B. Holden & J. Daly, Connecticut Evidence § 50. "Every word in a legislative enactment is presumed to have meaning"; *State* v. *Freedom of Information Commission,* 184 Conn. 102, 107, 441 A.2d 53 (1981); and no word is considered superfluous. *White* v. *Burns,* 213 Conn. 307, 320, 567 A.2d 1195 (1990). " 'The words of a statute should be interpreted in their natural and usual meaning unless such reading would defeat a legislative intent which becomes evident when the statute is read in the light of its history and purpose . . . even though such construction may seem contrary to the letter of the statute.' " *State* v. *Delafose,* 185 Conn. 517, 522, 441 A.2d 158 (1981).

"The purpose of the work[ers'] compensation law has always been to provide compensation for an injury arising out of and in the course of the employment regardless of fault, and the statutes are to be broadly construed to effectuate that purpose. . . . The underlying objective is to provide for the work[er] and those dependent on h[er]." (Citation omitted.) *Klapproth* v. *Turner,* 156 Conn. 276, 279, 240 A.2d 886 (1968).

The compensation review division sought to further this underlying purpose of the workers' compensation act by enforcing the express objective of General Statutes § 31-284b (a) that seeks to "maintain, as nearly as possible, the *income* of employees who suffer employment-related injuries." (Emphasis added.) General Statutes § 31-275 (14) defines the term "income" as "all forms of remuneration to an individual from his [or her] employment, including wages, accident and health insurance coverage . . . ."

Because the underlying purpose of the act is to provide not only for the worker but also for her dependents, and the objective of the statute is to maintain all forms of an employee's income, the compensation review division reasonably and correctly construed General Statutes § 31-284b to include the dependents' benefits as a part of that income.

The ruling of the compensation review division is affirmed.

In this opinion the other judges concurred.