[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONS ON MOTIONS FOR SUMMARY JUDGMENT
Plaintiffs commenced this medical malpractice action against the defendants in 1986, alleging that the defendants failed to diagnose their child's genetic disorder through prenatal testing, thereby depriving the plaintiffs of the opportunity to terminate the pregnancy and resulting in the birth of a child on October 4, 1984 who suffers from a host of disabilities. The action was dismissed on June 17, 1988 pursuant to C.P.B. Sec. 251, for failure to prosecute with reasonable diligence.
On November 7, 1988, the plaintiffs instituted the present action pursuant to C.G.S. Sec. 52-592, the accidental failure of suit statute. After closing the pleadings by filing their answers and special defenses, the defendants filed these separate motions for summary judgment on the ground that the accidental failure of suit statute does not apply in this case and the present action is therefore barred by the applicable statute of limitations, C.G.S. Sec. 52-584. Plaintiffs have filled a memorandum in opposition to the motion and both parties have submitted documentary evidence in support of their version of the events leading up to the Sec. 251 dismissal and the commencement of the present action.
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); C.P.B. Sec. 384. The party moving for summary judgment bears the burden of proving of the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
The issue presented is whether plaintiffs' conduct with respect to the prior dismissals (sic) in this case and the other conduct of plaintiffs with respect to court procedure was so egregious as to make Sec. 53-692 inapplicable, under the ruling of Skibeck v. Avon, 24 Conn. App. 234 (1991).
C.G.S. 52-592(a) provides, in part, that,
 [i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated by the death of a CT Page 6016 party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. (Underlining supplied)
In Skibeck the court held that summary judgment was properly granted in a case where a plaintiff's conduct was so egregious that to allow the action to continue would defeat the basic purpose of the public policy to promote finality in the litigation process that is inherent in statutes of limitation because such conduct "was never intended to be saved by the provisions of 52-592." Skibeck, at 243.
In addition to the prior dismissal, defendants in their affidavits paint a picture of repeated appearances of the case on dormancy lists and repeated failures to appear at oral argument and to respond to motions.
Plaintiffs contend that the Sec. 251 dismissal of the original action resulted from their failure to receive the dormancy calendar, that C.G.S. 52-592 applies in this case because a Sec. 251 dismissal is a "matter of form" falling within the terms of Sec. 52-592, and that the defendants previously raised the identical factual and legal arguments in a motion to dismiss filed earlier in this case which was denied by the court (Schaller, J.).
Unlike the parties in Skibeck, who did not dispute the procedural facts in that case, the parties in this case present different versions of the history of events leading up to the Sec. 251 dismissal of the original action. Plaintiffs claim that they were under the erroneous impression that two motions to strike filed by the defendants were argued, considered and decided together by this court, which issued a written memorandum of decision on November 16, 1987. Plaintiffs further contend that they never knew that the defendant Olsen's motion to strike had been scheduled separately and that the court, Maloney, J., had granted the motion because of no opposition on May 27, 1987, until the defendant Olsen filed a motion to compel ten months later on March 23, 1988 in order to force the plaintiffs to amend the complaint in accordance with the court's decision. Plaintiff's claim that they never received the court calendar for the date the motion was argued, nor a copy of the court's decision on the motion to strike, and allege that they then filed, on April 14, 1988, a motion for reconsideration in order to reconcile the two decisions on the motions to strike, and the defendants filed an objection. They claim that before their motion was acted upon, the action was dismissed pursuant to C.B.P. 251, and that they never received the dormancy calendar indicating that the case was in danger of being CT Page 6017 dismissed, otherwise they would have filed a motion to exempt the case from the dormancy list.
In this summary judgment motion the court must view the evidence in the list most favorable to the plaintiffs. Catz v. Rubenstein, 201 Conn. 39, 49 (1986). We believe that viewing the evidence in the light most favorable to the plaintiffs, the plaintiffs' inattention to the file resulting in the Sec. 251 dismissal could be classified as "accident or simple negligence" within the meaning of Sec. 52-592(a) and was not of such an egregious nature so as to render the statute inapplicable. Unlike the Skibeck case, where the plaintiff's action was dismissed three times pursuant to Sec. 251 over the course of approximately eight years, this case has been dismissed only once. It is submitted that, given the different versions of the procedural history of the original action presented by the parties, the defendants in this case have not met their burden of proving that the conduct of the plaintiffs in failing to prosecute the original action was of such an egregious nature that this action does not, as a matter of law, fall within the scope of the accidental failure of suit statute.
Motions for Summary Judgment Denied.
WAGNER, J.