[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Connecticut Insurance Guaranty Association ("CIGA") has initiated the present declaratory judgment action, seeking a judgment construing General Statutes §§ 38a-836,38a-841, and 31-299b, with respect to determining CIGA's obligation to pay workers' compensation benefits owed by an insolvent carrier. The defendants are Jeffrey Hunnihan, the claimant-employee; Teleflex Automotive Manufacturing Corp., F/K/A Mattatuck Manufacturing Company ("Mattatuck"), the claimant's employer; and the employer's workers' compensation ("WC") carriers, Fireman's Fund Insurance Company ("Fireman's Fund"), Travelers Insurance Company ("Travelers"), and Liberty Mutual Insurance Company ("Liberty").
There appears to be no dispute that Jeffrey Hunnihan was employed by Mattatuck from October 14, 1970 through August 8, 1987; that Liberty Mutual Insurance provided WC insurance for Mattatuck during the period between 1970 through 1975, Travelers Insurance during the period of 1976 until December 31, 1980, American Mutual Insurance Company during the period of January 1, 1981 to February 18, 1987, and Fireman's Fund from February 19, 1987 to February, 1988.
There is also no dispute that on March 9, 1989, the Massachusetts Supreme Court adjudicated Liberty Mutual insolvent, and pursuant to General Statutes § 38a-841(1)(a)[1], CIGA became liable for "covered claims" arising out of American Mutual policies.
There is no dispute that in 1991, Hunnihan filed a claim for WC benefits against Fireman's Fund, based on a repetitive trauma back injury alleged to have occurred in the course of his employment at Mattatuck. Following a hearing in 1995, Hunnihan was awarded $54,457.39, which Fireman's Fund paid. In the WC Commissioner's order, Liberty Mutual was assessed responsible for thirty percent of the award, Travelers was assessed responsible for thirty percent of the award, American Mutual was assessed responsible for thirty-five percent of the award, and Fireman's Fund was assessed responsible for the remaining thirty-five percent. The commissioner ordered American Mutual's portion of the liability to be paid by CIGA. Pursuant to General CT Page 9992 Statutes § 31-299b,[2] Fireman's Fund paid the claim, and sought reimbursement from the prior insurers, including CIGA.
The parties agree that CIGA has taken an appeal from the Commissioner's order to the Compensation Review Board of Compensation Commissioners (CRB) which is presently pending.
In its claim for relief the plaintiff is seeking a declaration 1) that the Workers' Compensation Commissioner does not have subject matter jurisdiction to interpret and apply the CIGA act and to order CIGA to pay Fireman's claim, 2) that CIGA is not obligated to pay Fireman's claim, 3) that CIGA is not obligated to the claimant until claimant has exhausted all his rights under the other policies.
CIGA has moved for summary judgment on its complaint and the defendants Fireman's Fund and Liberty Mutual both have filed cross-motions for summary judgment.
The defendants argue that summary declaratory judgment should not be rendered where the plaintiff has "some other form of procedure" to seek redress citing Section 390 of the Practice Book.
The defendants argue that should CIGA proceed with its appeal to the CRB and it is not satisfied with its review, it may appeal to the Appellate Court under Section 31-301b of the General Statutes. The Appellate Court, they correctly pointed out, has afforded review of issues concerning a Commissioner's award over which the Commissioner and the CRB do not have jurisdiction. Tufaro v. Pepperidge Farm, Inc., 24 Conn. App. 234
(1991). The issues raised by CIGA may therefore be considered by the Appellate Court.
In these circumstances, this court should decline to grant declaratory relief at the present time and accordingly, denies the motion for summary judgment.[3]
/s/ McDonald, J. McDONALD