GERTRUDE O. KEEGAN *v.* AETNA LIFE AND CASUALTY INSURANCE COMPANY
(14754)

Foti, Landau and Heiman, Js.

Argued April 1—officially released September 3, 1996

*Robert F. Carter*, for the appellant (plaintiff).

*Richard S. Bartlett*, with whom, on the brief, was *Timothy E. Welsh*, for the appellee (defendant).

LANDAU, J. The plaintiff appeals from the decision of the workers' compensation review board affirming the commissioner's dismissal of the plaintiff's claim for lack of subject matter jurisdiction. The plaintiff claims that the review board improperly dismissed her appeal because (1) she has an occupational disease that was proximately caused by her employment and, therefore, the three year statute of limitation of General Statutes § 31-294c (a)[1] applies, and (2) she was denied her constitutional rights to equal protection and due process. The defendant asserts that the plaintiff failed to file notice of her claim within one year from the date of her injury as she is required to do by § 31-294c (a),[2] and that her claim for compensation is time barred.

The facts are not in dispute. On May 8, 1988, during the course of her employment, the plaintiff attended a workers' compensation seminar in Syracuse, New York. While retrieving her luggage at the Syracuse airport, the plaintiff was struck on her left hip by a suitcase carried by another individual. The blow threw the plaintiff off balance and caused her immediate pain. At her hotel, the plaintiff continued to feel pain and she noticed that her hip was turning black and blue. Although the

---

[1] General Statutes § 31-294c (a) provides in pertinent part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within *one* year from the date of the accident or within *three* years from the first manifestation of a symptom of the occupational disease, as the case may be, which cause caused the personal injury . . . ." (Emphasis added.)

[2] See footnote 1.

hematoma and pain subsided after one week, the area of the injury was numb and continued to be numb on November 17, 1992, the date of trial. The plaintiff did not file a workers' compensation claim immediately following the incident because she did not feel that the injury would result in a serious condition.

In September, 1990, the plaintiff sought medical treatment for recurring back pain, which she attributed to a preexisting back condition. In the course of her treatment, however, the plaintiff was diagnosed as having synovial chondromatosis in her left hip joint. In March, 1991, the plaintiff's physician informed her that her preexisting hip disease was exacerbated by the injury to her hip in May, 1988. On March 29, 1991, the plaintiff filed a written notice of her claim for workers' compensation benefits with her employer, which was denied.

The commissioner concluded that the plaintiff's hip disease was not an occupational disease within the meaning of General Statutes § 31-275 (15),[3] and, therefore, the workers' compensation commissioner lacked jurisdiction over the matter because the plaintiff failed to file notice of her claim within one year from the date of her May, 1988 injury as required by § 31-294c (a) of the Workers' Compensation Act (act). The review board affirmed the commissioner's decision, and this appeal follows. Our first consideration is whether this conclusion was appropriate.

I

It is axiomatic that a tribunal must have jurisdiction over the subject matter it hears and that subject matter jurisdiction is the power of the tribunal to hear and

[3] General Statutes § 31-275 (15) provides: " 'Occupational disease' includes any disease peculiar to the occupation in which the employee was engaged and due to causes in excess of the ordinary hazards of employment as such, and includes any disease due to or attributable to exposure to or contact with any radioactive material by an employee in the course of his employment."

determine cases to which the proceedings in question belong. *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). " 'Administrative agencies [such as the workers' compensation commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon . . . statutes' . . . ." Id. "Accordingly, a notice of a claim or the satisfaction of one of the statutory exceptions is a prerequisite that conditions whether the [workers' compensation] commission has subject matter jurisdiction under the act." Id., 6. Time limitations governing notice must be strictly complied with. *Simmons* v. *Holcomb*, 98 Conn. 770, 775, 120 A. 510 (1923).

Having set out these basic principles, we now consider the distinction between an "accident" and an "occupational disease" under the act. " 'Personal injury' or 'injury' includes, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury . . . which is causally connected with . . . employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease."[4] General Statutes § 31-275 (16) (A).

"In interpreting the phrase 'occupational disease,' we have stated that the requirement that the disease be peculiar to the occupation and in excess of the ordinary hazards of employment, refers to those diseases in which there is a causal connection between the duties of the employment and the disease contracted by the employee. In other words, [the disease] need not be unique to the occupation of the employee or to the work place; it need merely be so distinctively associated with the employee's occupation that there is a direct causal connection between the duties of the employ-

---

[4] The plaintiff does not claim that her "injury" is the direct result of repetitive trauma or repetitive acts incident to her employment.

ment and the disease contracted. . . . Thus, an occupational disease does not include a disease which results from the peculiar conditions surrounding the employment of the claimant in a kind of work which would not from its nature be more likely to cause it than would other kinds of employment carried on under the same conditions." (Citation omitted; internal quotation marks omitted.) *Crochiere* v. *Board of Education*, 227 Conn. 333, 352–53, 630 A.2d 1027 (1993).

Application of these principles to the facts of this case reveals that the plaintiff's underlying hip disorder is not an occupational disease within the meaning of § 31-275 (15). The disease is not distinctively associated with her duties as an employee of the defendant such that there is a direct causal connection between her employment duties and her injury.[5]

Consequently, the commissioner and the review board properly concluded that the plaintiff's injury did not constitute an occupational disease and, thus, appropriately applied the one year time limitation of § 31-294c (a). Because the plaintiff did not provide written notice of her injury to the defendant until nearly three years after it had occurred, the commissioner lacked subject matter jurisdiction and properly dismissed her claim.

II

Our inquiry does not end here, however, because the plaintiff has also raised constitutional claims that the review board was not empowered to decide. See *Tufaro* v. *Pepperidge Farm, Inc.*, 24 Conn. App. 234, 236, 587

---

[5] Even if we assume, arguendo, that the plaintiff's hip disease was exacerbated by the blow from the piece of luggage, such an allegation could arise in numerous occupational settings. Therefore, her occupation as an employee of Aetna Life and Casualty Insurance Company is not by its nature more likely to give rise to allegations of being struck by luggage than would other kinds of employment carried on under similar conditions.

A.2d 1044 (1991). Specifically, the plaintiff asserts that the application of the one year provision of § 31-294c (a) to her claim violates her rights to equal protection and due process under the United States and Connecticut constitutions. We disagree.

A

The plaintiff first argues that § 31-294c (a) creates two classes of similarly situated employees that receive disparate treatment: employees with occupational diseases, who have three years to file notice of their claim, and employees with preexisting diseases aggravated by traumatic work related injury, who have one year to file notice of their claim. Because this claim does not implicate the fundamental right of access to our courts, we employ the rational basis test in reviewing it. See *Zaporta* v. *Burns*, 207 Conn. 496, 504, 542 A.2d 700 (1988).

"The rational basis test requires us to decide first whether there are natural and substantial differences between the classes preferred by the legislation and all others, and then whether the differences identified are logically related to the subject and object of the legislation." Id., 509–10. Here, we conclude that there is a rational basis for the statutory scheme created by the legislature. An employee who develops an occupational disease is substantially different from an employee whose preexisting condition becomes manifest as a result of a work related injury. The issue is one of knowledge. In the former instance, the employee often does not know that he has a disease until long after the exposure that caused it. In the latter instance, the employee knows the precise moment that his injury occurred, as well as its cause, regardless of whether he is aware that the injury may exacerbate a preexisting illness or disease. Because the notice provisions of § 31-294c (a) are intended to balance an employer's right to

conduct timely investigations of work related injuries against an employee's right to pursue a claim for an occupational disease, the different classes created by the legislative scheme are logically related to the subject and object of the legislation. Hence, the statute does not violate equal protection.

B

The plaintiff next argues that the review board's decision to apply the one year statute of repose to her claim deprived her of her rights under the act without due process of law. She asserts that, because she was not aware that her injury exacerbated her latent hip disease until nearly three years later, "basic fairness" principles dictate that the one year statute of repose should not be applied to bar her claim concerning her undiscovered "occupational disease." Rather, she argues that her claim should be governed by the three year statute of repose, which requires knowledge. The plaintiff's claim is unavailing.

" 'There are two principal reasons generally given for the enactment of a statute of repose: (1) it reflects a policy of law, as declared by the legislature, that after a given length of time a [defendant] should be sheltered from liability and furthers the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability . . . and (2) to avoid the difficulty in proof and record keeping which suits involving older [claims] impose.' . . . *Dailey* v. *New Britain Machine Co.*, [200 Conn. 562, 582–83, 512 A.2d 893 (1986)]." (Citation omitted.) *Sanborn* v. *Greenwald*, 39 Conn. App. 289, 305, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995).

Thus, although the plaintiff may protest that an injustice has occurred because the review board correctly

concluded that she did not suffer from an occupational disease within the meaning of the act, we conclude that she was not deprived of her due process rights as a result of the review board's decision to apply the one year statute of repose. " 'There is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute, such as [§ 31-294c (a)], which starts the limitation on "[claims] for [workers' compensation benefits] from the date of the [injury] complained of," even though at that date no person has sustained damage and therefore no cause of action has come into existence. Indeed, such a provision accords with the purposes of statutes of limitation.'. . ." *Dailey* v. *New Britain Machine Co.*, supra, 200 Conn. 584.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.