## LAWRENCE GENDEN *v.* AMERICAN AIRLINES ET AL.
### (SC 16454)

Sullivan, C. J., and Borden, Norcott, Katz and Vertefeuille, Js.

Argued March 20—officially released August 14, 2001

*Richard S. Bartlett,* for the appellants (named defendant et al.).

*Gregory T. D'Auria,* associate attorney general, with whom were *William J. McCullough,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, and *Taka Iwashita,* assistant attorney general, for the appellee (defendant second injury fund).

*Opinion*

SULLIVAN, C. J. This appeal presents two issues concerning the transfer of a workers' compensation claim to the defendant second injury fund (fund) that are identical to those decided by this court today in the case of *Giaimo* v. *New Haven,* 257 Conn. 481, 778 A.2d 33 (2001). Specifically, the named defendant, American Airlines (American), claims that General Statutes § 31-

349c (a)[1] violates the fourteenth amendment to the United States constitution[2] and article first, §§ 8[3] and 10,[4] of the Connecticut constitution. The fund argues that American's claim is moot in light of General Statutes § 31-349h.[5] In *Giaimo*, we concluded that § 31-349c (a) is unconstitutional under the state and federal constitutions, as applied to the facts of that case; id., 516; and that § 31-349h does not bar the transfer of claims that were eligible for transfer prior to July 1, 1999, and that ultimately are found to be transferable. Id., 498. We conclude that § 31-349c (a) is also unconstitutional as applied to the facts of this case.

[1] General Statutes § 31-349c (a) provides: "The custodian of the Second Injury Fund and an insurer or self-insured employer seeking to transfer a claim to the fund shall submit all controverted issues regarding the existence of a previous disability under section 31-349 to the chairman of the Workers' Compensation Commission. The chairman shall appoint a panel of three physicians, as defined in subdivision (17) of section 31-275, and submit such dispute to the panel, along with whatever evidence and materials he deems necessary for consideration in the matter. The panel may examine the claimant, who shall submit to any examination such panel may require. Within sixty days of receiving the submission, the panel shall file its opinion, in writing, with the chairman, who shall forward it, along with any records generated by the panel's work on the case, to the commissioner having jurisdiction over the claim in which the dispute arose. The panel's opinion shall be determined by a majority vote of the three members. Such opinion shall be binding on all parties to the claim and may not be appealed to the Compensation Review Board pursuant to section 31-301."

[2] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

[3] Article first, § 8, of the constitution of Connecticut provides in relevant part: "No person shall . . . be deprived of life, liberty or property without due process of law . . . ."

[4] Article first, § 10, of the constitution of Connecticut provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

[5] General Statutes § 31-349h provides: "All transfers of claims to the Second Injury Fund with a date of injury prior to July 1, 1995, shall be effected no later than July 1, 1999. All claims not transferred to the Second Injury Fund, on or before July 1, 1999, shall remain the responsibility of the employer or its insurer."

In this case, the fund additionally claims that the appeal should be dismissed because the compensation review board's (board's) finding and award, from which American appeals, was not a final judgment. We disagree.

The record reveals the following relevant facts. On September 5, 1989, the plaintiff, Lawrence Genden, injured his back during the course of his employment with American. The injury was found to be compensable under the workers' compensation act (act), and compensation was paid by American and its insurer. American subsequently sought to transfer the claim to the fund, claiming that the plaintiff had a preexisting physical impairment to his back that had caused his disability to be materially and substantially greater than it otherwise would have been. For reasons not related to this appeal, the fund claimed that the workers' compensation commissioner (commissioner) lacked jurisdiction over the claim. A formal hearing was held on March 16, 1994, to resolve that issue. On September 3, 1996, the commissioner issued a finding and award in which he held that he did have jurisdiction over the claim. The fund appealed to the board. On February 9, 1998, the board issued a finding and award affirming the commissioner's ruling.

On August 27, 1998, a hearing was held before the commissioner on the merits of the claim for a transfer. At that hearing American argued, inter alia, that § 31-349c (a) was unconstitutional. On October 5, 1998, the commissioner issued a finding and award in which he held that he had no jurisdiction to address American's constitutional claim and that, under § 31-349c (a), the issue of whether the plaintiff had a previous disability was required to be submitted to a panel of physicians. American appealed from the ruling to the board. On July 22, 1999, the board issued its opinion holding that it

did not have jurisdiction to decide constitutional issues and affirming the commissioner's ruling.

Meanwhile, the chairman of the workers' compensation commission assigned the claim to a panel of three physicians, consisting of John Basile, a neurosurgeon, Robert Stern, a chiropractor, and Leo Willett, an orthopedic surgeon. The panel issued its report on January 28, 1999, concluding that "[i]t is our expert professional opinion that the plaintiff had no significant prior condition to his back and right lower extremity and therefore, has not caused a materially and substantially greater disability, combined with the injury of September 5, 1989, than that which would have occurred due to the subsequent injury alone."

On July 28, 1999, American appealed to the Appellate Court from the October 5, 1998 ruling of the commissioner. American argues that that decision "[was] the only decision rendered by the trial commissioner from which this appeal could be taken." As we have noted, however, American had already appealed from that ruling to the board, which affirmed the ruling on July 22, 1999. Thus, it is not clear why American appealed from the commissioner's October 5, 1998 ruling rather than from the board's July 22, 1999 ruling affirming the commissioner's ruling. We note that General Statutes § 31-301b[6] provides for appeals to the Appellate Court from decisions of the board, not from decisions of the commissioner. Because the board actually had issued a ruling by the time that American filed its appeal in the Appellate Court, however, and the substance of that ruling is identical to the October 5, 1998 ruling of the commissioner, namely, that there is no jurisdiction within the system of workers' compensation claim adju-

---

[6] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

dication to consider constitutional issues, we conclude that American exhausted its administrative remedies, and we will treat the appeal as if it were from the board's July 22, 1999 ruling.

After American filed the appeal in the Appellate Court, the fund moved in the Appellate Court to dismiss the appeal for lack of subject matter jurisdiction. The Appellate Court denied the motion without prejudice and ordered the parties to brief, inter alia, the issue of whether there is a final judgment in this case from which the appeal may be taken. Thereafter, we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

The fund argues that there is no final judgment because American did not directly challenge the medical panel's January 28, 1999 decision. In other words, the fund argues that, even though § 31-349c (a) precludes an appeal to the commissioner from the decision of the physician panel, American should have waited until after that decision was issued to challenge the constitutionality of the statute in proceedings before the commissioner and, subsequently, in an appeal to the board and, ultimately, to the Appellate Court.

This court previously has held that a challenge to the constitutionality of § 31-349c (a) is not ripe in the absence of a decision by the physician panel. *Hall* v. *Gilbert & Bennett Mfg. Co.*, 241 Conn. 282, 308, 695 A.2d 1051 (1997). We recognize, therefore, that American's claim at the August 27, 1998 hearing before the commissioner, that the statute was not constitutional, arguably was not ripe. We note, however, that the ripeness of American's constitutional claim is irrelevant to the question of whether the commissioner or the board had jurisdiction to decide the claim, because those bodies do not have jurisdiction to consider constitutional claims. See *Caldor, Inc.* v. *Thornton*, 191 Conn. 336,

342–44, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2974, 86 L. Ed. 2d 557 (1985); *Tufaro* v. *Pepperidge Farm, Inc.*, 24 Conn. App. 234, 236–37, 587 A.2d 1044 (1991). Whatever the decision of the physician panel, therefore, that decision could have made no conceivable difference in the rulings of the commissioner and the board, wherein they concluded that they had no jurisdiction to hear the claim. We further note that, by the time that the board issued its July 22, 1999 opinion, the physician panel had issued its decision. Thus, the claim was ripe at the time of the appeal to the Appellate Court, and the record is adequate for appellate review.

We conclude that the board's July 22, 1999 ruling that it had no jurisdiction to consider the constitutional claim so concluded the proceedings within the workers' compensation system that further proceedings could not affect them. The existence of a decision by the physician panel is a ripeness issue that affects only the jurisdiction of the reviewing court, not the finality of the board's decision. Accordingly, we conclude that there was a final judgment from which an appeal may be taken. See *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983) ("where the order or action so concludes the rights of the parties that further proceedings cannot affect them," order is appealable final judgment).

For the reasons set forth in *Giaimo* v. *New Haven*, supra, 257 Conn. 516, the decision of the board is reversed and the case is remanded to the board with direction to remand it to the commissioner for further proceedings according to law.

In this opinion the other justices concurred.