## BARBARA CONTE *v.* DAVID A. CONTE
## (AC 16027)

Dupont, C. J., and Foti and Spear, Js.

Argued March 21—officially released May 20, 1997

*Martin M. Rutchik,* with whom, on the brief, was *Sharon Lee Gibbs,* for the appellant (plaintiff).

*Nathan Nasser,* with whom, on the brief, was *Gary Traystman,* for the appellee (defendant).

PER CURIAM. In this appeal, the plaintiff claims that the trial court improperly (1) failed to modify the judgment of dissolution of marriage by ordering the defendant to subordinate his mortgage on property of the plaintiff so that the plaintiff could refinance the property, (2) denied the plaintiff's motion for advice with respect to an arbitrator's division of personal property and (3) levied a fine of $100 against the attorney for the plaintiff.

In reviewing the modification issue, the question before us is whether the trial court abused its discretion. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 740, 638 A.2d 1060 (1994); *Evans* v. *Evans*, 35 Conn. App. 246, 251, 644 A.2d 1317 (1994). Our examination of the record shows that the trial court did not abuse its discretion in denying the motion to modify the judgment. The parties agreed to be bound by the arbitrator's decision with respect to the division of their personal property. The plaintiff's dissatisfaction with that division does not warrant judicial intervention in light of the agreement.

The appeal with respect to the last issue is dismissed because the attorney is not a party to this action and, "where a nonparty is aggrieved by a ruling made in the context of an ongoing action, that person's remedy is by writ of error rather than by appeal." *Kennedy* v. *QVC Network, Inc.*, 43 Conn. App. 851, 854, 686 A.2d 997 (1996).[1]

The appeal from the imposition of a fine against the plaintiff's attorney is dismissed; in all other respects, the judgment is affirmed.

---

[1] General Statutes § 52-272 provides that writs of error may be "brought to the Supreme Court."