### JAMES DAY *v.* CITY OF MIDDLETOWN ET AL.
### (SC 15800)

Borden, Berdon, Norcott, Palmer and Peters, Js.

Argued April 30—officially released July 21, 1998

sections 18-97 and 18-98, which occur after October 1, 1976, for an offense committed prior to July 1, 1981."

*James F. Aspell,* for the appellant (defendant Furniss and Quinn, P.C.).

*James F. Aspell,* for the appellant (defendant Furniss and Quinn, P.C.).

*Opinion*

BERDON, J. The sole issue in this case is whether the Appellate Court possesses jurisdiction to hear an appeal asserted by a law firm claiming it was aggrieved by a judgment in which the compensation review board (review board) of the workers' compensation commission (commission) reduced the firm's fee for services rendered. The Appellate Court concluded that it did not possess the authority to hear the appeal. We conclude, to the contrary, that the Appellate Court does have jurisdiction over the appeal from the review board, and remand this appeal to the Appellate Court for a hearing on the merits.

The material facts are not in dispute. In 1993, the plaintiff, James Day, retained the defendant law firm, Furniss and Quinn, P.C. (defendant),[1] to represent him in the prosecution of a workers' compensation claim.

---

[1] The named defendant, the city of Middletown, which was the plaintiff's employer, and the city's insurer, the defendant Alexsis, Inc., are not parties to this appeal.

The plaintiff agreed to pay the defendant 20 percent of his gross recovery. Two years later, the plaintiff discharged the defendant, retained attorney Kenneth Bartlett in its stead, and settled his claim shortly thereafter.[2]

In a subsequent fee approval hearing pursuant to General Statutes § 31-327 (b),[3] the workers' compensation commissioner awarded $30,000 in attorneys' fees, to be shared by the defendant and Bartlett.[4] The plaintiff appealed to the review board, which found that the award was contrary to fee guidelines promulgated by the chairman of the commission pursuant to General Statutes § 31-280 (b) (11) (C).[5] Accordingly, the review board reduced the award to $20,000,[6] and the defendant appealed this ruling to the Appellate Court.[7] The Appellate Court dismissed the appeal sua sponte, claiming lack of jurisdiction. We then granted the defendant's petition for certification to appeal. *Day* v. *Middletown*, 243 Conn. 939, 702 A.2d 643 (1997).

[2] Pursuant to the settlement agreement reached with his former employer, the plaintiff received $100,000 for disability and disfigurement, $33,340.43 for outstanding medical bills, and coverage through his former employer's group medical insurance plan for the duration of his life. Under the terms of this health plan, the plaintiff's former employer agreed to pay 80 percent of the plaintiff's annual medical bills, while the plaintiff remained liable for up to $1000 of the remaining sum.

[3] General Statutes § 31-327 (b) provides in pertinent part: "All fees of attorneys . . . for services under this chapter shall be subject to the approval of the commissioner."

[4] The record does not disclose the allocation of fees between the plaintiff's two attorneys.

[5] General Statutes § 31-280 (b) (11) provides in pertinent part: "The chairman of the Workers' Compensation Commission shall . . . (C) Issue . . . and publish . . . guidelines for the maximum fees payable by a claimant for any legal services rendered by an attorney in connection with the provisions of this chapter, which fees shall be approved in accordance with the standards established by the chairman . . . ."

[6] The record does not disclose the allocation of this reduction between the plaintiff's two attorneys.

[7] Only the defendant Furniss and Quinn, P.C., elected to appeal. For this reason, we refer herein to the defendant Furniss and Quinn, P.C., as if it were the sole defendant in the proceedings below.

The jurisdiction established by General Statutes § 31-301b is straightforward: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."[8] Accordingly, the two issues presented by this appeal are (1) whether the defendant was a party to the review board's decision to reduce its fee and (2) if so, whether the defendant was aggrieved by this ruling. We resolve both of these issues in the affirmative.

In order to be deemed a party and maintain an appeal, a litigant must satisfy each of three criteria. The litigant must "(1) have a specific, personal and legal interest in the subject matter of the appeal . . . (2) sustain that interest throughout the course of the appeal . . . and (3) be able to obtain some practical benefit or relief." (Citations omitted.) *Craig* v. *Maher*, 174 Conn. 8, 9–10, 381 A.2d 531 (1977). In short, a party is a litigant with a " 'personal stake in the outcome of the controversy.' " *Rose* v. *Freedom of Information Commission*, 221 Conn. 217, 223, 602 A.2d 1019 (1992).

That the defendant satisfies each of the three *Craig* criteria verges upon truism. The sole issue before the review board was the amount of attorney's fees to which the defendant and Bartlett were entitled. In other words, the defendant personally sought the fee that it purports to have earned for specific services rendered during a specific course of representation before the commission. Because this claim sounds in breach of contract, the defendant's interest in the hearing before the review board was a legal one. Moreover, this interest was not

---

[8] Section 31-301b provides the requisite statutory authorization for this administrative appeal. See *Farricielli* v. *Personnel Appeal Board*, 186 Conn. 198, 201, 440 A.2d 286 (1982); *Nader* v. *Altermatt*, 166 Conn. 43, 53, 347 A.2d 89 (1974).

extinguished before the close of the fee approval hearing; instead, the hearing was conducted for no other purpose than to determine the amount of the defendant's fee pursuant to § 31-327 (b). Finally, the defendant sought practical relief in the form of payment of its legal fee. For these reasons, the defendant possessed a "personal stake" in the review board's determination of its fee; accordingly, we deem it a party for purposes of § 31-301b.

Furthermore, the defendant is clearly aggrieved. Aggrievement consists of two elements: " '[F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision . . . . Second, the party . . . must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' " *Rose* v. *Freedom of Information Commission*, supra, 221 Conn. 230.

The pertinent portion of the first element of aggrievement—"a specific, personal and legal interest"—recites verbatim the first prong of the *Craig* test. For the reasons previously discussed, the defendant possesses the requisite interest. As for the second element of aggrievement, it is apparent that the review board's decision "specially and injuriously" affected the defendant's interest by substantially reducing its fee. Accordingly, the defendant was aggrieved for purposes of § 31-301b.

It bears emphasis that the Appellate Court cited no authority in its order dismissing the appeal. In a prior order summoning the parties to appear for oral argument "to show cause why the appeal should not be dismissed for lack of jurisdiction," the Appellate Court, however, cited *Conte* v. *Conte*, 45 Conn. App. 235, 695 A.2d 32 (1997). In *Conte*, the Appellate Court dismissed an appeal on the ground that the nonparty litigant could

pursue a remedy only by writ of error to this court. Id., 236 and n.1. The Appellate Court's tacit reliance upon *Conte* is misplaced. First, *Conte* involved appeals asserted by nonparties and, as we previously have concluded, the defendant was a de facto party with respect to the ruling of the review board. More importantly, *Conte* contemplated that a litigant who cannot assert an appeal to the Appellate Court will be able to pursue a remedy through a writ of error to this court. In the present case, the defendant cannot avail itself of this procedural device. Pursuant to Practice Book § 4143 (a), now Practice Book (1998 Rev.) § 72-1 (a), a writ of error "only may be brought from a final judgment of the *superior court . . . .*" (Emphasis added.) Because the defendant did not seek review of a judgment of the Superior Court, it cannot pursue its remedy through a writ of error to this court.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reinstate the defendant's appeal.

In this opinion the other justices concurred.