[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of defendant Board of Firearms Permit Examiners of the State of Connecticut (hereinafter the Board) denying plaintiff's application to carry pistols and revolver. For reasons hereinafter stated, the decision of the Board is affirmed.
General Statutes § 29-32b(f) provides that any person aggrieved by the decision of the Board may appeal therefrom in accordance with the provision of § 4-183. To be deemed an aggrieved party a litigant must satisfy each of three criteria: "(t)he litigant must (1) have a specific, personal and legal interest in the subject matter of the appeal (2) sustain that interest throughout the course of the appeal . . . and (3) be able to obtain some practical benefit or relief." Day v.Middletown, 245 Conn. 437, 440 (1998). The parties agreed, and the record confirms, that plaintiff appealed to the Board from the decision of the local issuing authority's denial of his application for a pistol permit. When the Board also denied his application, plaintiff appealed such decision to court within the time limited by statute. If the plaintiff is successful, he could expect approval of his application. It therefore must be concluded that plaintiff is aggrieved and has standing to prosecute the appeal.
"Judicial review of the Board decision is governed by the provisions of the Uniform Administrative Procedure Act (§§ 4-166 through 4-189), and the scope of that review is very restricted." Bancroft v. Commission ofMotor Vehicles, 48 Conn. App. 391, 399 (1998). Section 4-183 (j) contains the following statutory limitations.
 (j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. CT Page 13003
The reviewing court is required to decide, in view of all of the evidence whether the agency, in issuing its order, acted unreasonably; arbitrarily or illegally, or abused its discretion. Stamford v. Freedomof Information Commission, 241 Conn. 310, 314 (1997).
"The question is not whether the court would have reached the same conclusion but whether the record before the Commission supports its action taken." Hospital of St. Raphael v. Commission on Hospitals withHealth Care, 182 Conn. 314, 318 (1980).
In his brief and feral argument, plaintiff has raised two issues, each of which must be considered by the court.
 I
Petitioner claims that his appeal should be sustained because the Board failed to set a time and place at which the appeal could be heard within the ten days required by § 29-32b(c). The record indicates that the Board failed to comply with the language of the statute until eleven days after receipt by the Board of plaintiff's statement initiating the appeal process.
General Statutes § 29-32b(c) requires that the Board "shall" set the time and place for hearing of the appeal within ten days of receipt of appeal. In Storace v. Mariano, 35 Conn. Sup. 28 (1978) the court found that based upon language in the statute, the ten day limitation for scheduling was mandatory. In that case the appeal was filed on April 17, 1973 and no hearing was scheduled until April 15, 1974, almost one year later. The court went on to state at page 31, "while a minor deviation might be excused under certain circumstances, there is no justification for a one year delay." In the present case there was a one day delay.
As a general rule an indication of legislative intent that a time limit contained in a statute should be mandatory is language in the statute indicating a sanction in the event the rule is not followed. There is no language in the statute indicating a sanction if the Board fails to schedule the appeal. There is such language directed to the issuing authority requiring it to provide certain documentation to plaintiff at least ten days prior to the hearing or relief would be granted forthwith. The absence of such language concerning the Board's ten day scheduling requirement indicates that the ten day limit was directory and not mandatory.
It is also noted that this issue, although briefed, is not contained in the complaint and therefore does not appear to be properly before the CT Page 13004 court.
Considering all of the factors, it cannot be found that the Board's failure to set a time and place at which plaintiff's appeal could be heard within the time limited by statute was illegal or an abuse of discretion.
 II
The record indicates that on September 29, 1998 plaintiff applied to the Issuing Authority, the Chief of the Norwich Police Department, for a permit to carry pistols and revolvers. The application was denied. Plaintiff appealed this decision to the Board and, as required by §29-32b(b) a de novo hearing was held for the Board to inquire into and determine the facts. The Board voted to uphold the decision of the issuing authority and so informed plaintiff by letter dated June 10, 1999. The letter contained the following language.
 The Board has found, by testimony and evidence presented with respect to your past decisions and actions, you are unsuitable to possess a local permit to carry pistols and revolvers.
 The Board of Firearms Permit Examiners has voted to uphold the decision of Chief Louis J. Fusaro, Norwich Police Department, the denial of a local permit to carry pistols and revolvers.
General Statutes § 29-28 (b) requires that before a permit to carry a pistol or revolver is granted it must be found that the applicant is a suitable person to receive such permit. Here the Board determined that plaintiff was not a suitable person to receive a permit. Plaintiff claims that there was inadequate evidence before the Board to indicate that he was unsuitable.
The legislative intent underlying § 29-28 (b) was "to protect the safety of the general public from individuals where conduct has shown them to be lacking the essential character or temperament necessary to be entrusted with a weapon." Dwyer v. Farrell, 193 Conn. 7, 12 (1984). The word suitable has been defined as "proper, able, qualified, fit." There should also be some danger to the public if a determination of unsuitability is found. Storace v. Mariano, supra 35 Conn. Sup. 33.
In support of his claim of lack of evidence that he was unsuitable to carry a pistol or revolver, plaintiff points out that he has never been convicted of a felony and that his two misdemeanor convictions were at CT Page 13005 least four years old.
At the hearing before the Board, the Norwich Police Chief testified and plaintiff's criminal record, including arrest reports, were placed in evidence. The strict rules of evidence do not apply to hearing before the Board and the documents in evidence were reliable and probative.
This evidence would support a finding of inappropriate, violent, assaultive behavior on the part of plaintiff. One report involved plaintiff's illegal and dangerous use of a fire arm.
After review of all of the evidence in the record must be found that the decision of the Board as to suitability is supported by substantial evidence. Considering the limitations on the scope of review imposed by General Statutes § 4-183 (j) it cannot be found that in determining that plaintiff was unsuitable to possess a permit to carry pistols and revolvers the Board acted unreasonably, arbitrarily or illegally, or in abuse of its discretion.
 III
Accordingly, the issues are found for the defendant Board and Judgment affirming the decision appealed from its rendered.
Joseph J. Purtill, Judge Trial Referee