******************************************************

    The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# EDWARD FRANTZEN *v.* DAVENPORT ELECTRIC ET AL.
## (AC 39009)

Alvord, Keller and Beach, Js.

*Syllabus*

V, an attorney who had represented the claimant in proceedings before the Workers' Compensation Commission, appealed to this court from the decision of the Workers' Compensation Review Board, which affirmed in part the decision of the Workers' Compensation Commissioner determining that the commission had the authority to adjudicate a fee dispute between V and W Co., a law firm that previously had represented the claimant in the matter before the commission. V had challenged, inter alia, the commission's subject matter jurisdiction over the fee dispute. After a hearing, the commissioner found that the commission had subject matter jurisdiction over the fee dispute and ordered a fifty/fifty split of the attorney's fees between V and W Co. The board affirmed the commissioner's decision as to subject matter jurisdiction but reversed as to the division of the fees, and V appealed to this court. *Held*:

1. V could not prevail on his claim that the commission lacks subject matter jurisdiction to resolve disputes regarding attorney's fees between counsel who serially represent a claimant before the commission; the plain language of the applicable statute (§ 31-327 [b]) unambiguously provides that all attorney's fees, including the division of attorney's fees between successive counsel, are subject to the commissioner's approval, and, therefore, § 31-327 (b) authorizes the commission to adjudicate fee disputes between successive counsel concerning their representations of a claimant before the commission.

2. Contrary to V's claim, the commissioner and the board did not deprived V of his constitutional right to have the attendant factual issues in the matter resolved by a jury; it is well established that there is no right to a jury trial in proceedings before the commission, and there was no reason to distinguish between trials of issues expressly within the commission's jurisdiction and those impliedly within its jurisdiction, as both are administrative in nature.

Argued November 15, 2017—officially released February 27, 2018

*Procedural History*

Appeal from the decision by the Workers' Compensation Commissioner for the Fourth District ordering the equal division of certain attorney's fees between the claimant's counsel, brought to the Workers' Compensation Review Board, which affirmed in part the commissioner's decision, and Enrico Vaccaro appealed to this court. *Affirmed.*

*Emily A. Gianquinto*, with whom, on the brief, was *Enrico Vaccaro*, for the appellant (Enrico Vaccaro).

*Sarah Gleason*, with whom were *David M. Cohen* and, on the brief, *Adam J. Blank*, for the appellee (Wofsey, Rosen, Kweskin & Kuriansky, LLP).

*Opinion*

BEACH, J. This case presents the issue of whether the Workers' Compensation Commission (commission) has the statutory authority, pursuant to General Statutes § 31-327 (b),[1] to decide fee disputes among attorneys who have represented a claimant at different times during the pendency of a case before the commission. Pursuant to General Statutes § 31-301b, the appellant, Enrico Vaccaro,[2] appeals from the decision of the Workers' Compensation Review Board (board), which affirmed in part the decision of the Workers' Compensation Commissioner (commissioner), insofar as it determined that the commission has the authority to adjudicate a fee dispute between Vaccaro and the appellee, the law firm of Wofsey, Rosen, Kweskin & Kuriansky, LLP (Wofsey Rosen). On appeal, Vaccaro claims (1) that the commission does not have subject matter jurisdiction to resolve disputes regarding attorney's fees between lawyers who serially represented a claimant and (2) that the commissioner and the board deprived Vaccaro of his constitutional right to have the attendant factual issues resolved by a jury. We disagree with Vaccaro's claims and, accordingly, affirm the decision of the board.

The following facts and procedural history are relevant to this appeal. Both Vaccaro and Wofsey Rosen represented Edward Frantzen, the claimant, in claims for compensation brought against his employer, Davenport Electric, for work related injuries sustained in 1994, 1998, and 2003. Wofsey Rosen represented the claimant from March 18, 1998 to April 1, 2005.[3] Attorney Allan Cane, who is not a party to this appeal, represented the claimant from April 27, 2005 to July 13, 2007. Vaccaro represented the claimant from July 13, 2007 to May 8, 2014. On May 8, 2014, a stipulation was approved by Commissioner Charles F. Senich pursuant to which $850,000 was awarded to the claimant. The commissioner also approved attorney's fees of 20 percent, with instruction for Vaccaro to hold the amount of the fees in escrow until the fee dispute was resolved. On June 13, 2014, Vaccaro filed a brief that challenged the commission's subject matter jurisdiction over the fee dispute and attacked Wofsey Rosen's claim to any portion of the escrowed fees.

On September 30, 2014, a hearing was held before Commissioner Michelle D. Truglia on, among other things, Vaccaro's challenge to the commission's subject matter jurisdiction. Vaccaro was given the opportunity to submit evidence of his fee arrangement with the claimant, along with a statement of time and charges attributable to this representation. Vaccaro submitted a copy of his fee agreement but did not provide any evidence of time or charges attributable to this representation. Wofsey Rosen, on the other hand, provided substantial evidence regarding its representation of the

claimant. After finding that the commission had subject matter jurisdiction over the fee dispute, the commissioner decided that, because of Vaccaro's failure to document his time and charges, it was impossible to determine the scope and value of his representation of the claimant, and ordered a fifty/fifty split of the escrowed attorney's fees between Vaccaro and Wofsey Rosen.

Vaccaro then appealed from the decision to the board, which on February 24, 2016, affirmed the commissioner's decision as to subject matter jurisdiction but reversed as to the division of the fees, and remanded the matter to the commissioner for a full evidentiary hearing on the issue. Vaccaro thereafter appealed to this court.[4] Additional facts will be set forth as necessary.

Vaccaro claims on appeal that the commission does not have subject matter jurisdiction to resolve disputes regarding attorney's fees between lawyers who serially represent a claimant and that the commissioner and the board deprived him of his constitutional right to have the attendant factual issues resolved by a jury.

As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. "It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks omitted.) *Day* v. *Middletown*, 59 Conn. App. 816, 819, 757 A.2d 1267, cert. denied, 254 Conn. 945, 762 A.2d 900 (2000). "We [accord] deference to . . . a time-tested agency interpretation of a statute, but only when the agency has consistently followed its construction over a long period of time, the statutory language is ambiguous, and the agency's interpretation is reasonable." *State Medical Society* v. *Board of Examiners in Podiatry*, 208 Conn. 709, 719, 546 A.2d 830 (1988).

Our analysis of this claim is guided by our well established principles of statutory construction. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . . In seeking to determine that meaning . . . [we] first . . . consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is

plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . .

"Moreover, [i]n applying these general principles, we are mindful that the [Workers' Compensation Act, General Statutes § 31-275 et seq.] indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Accordingly, [i]n construing workers' compensation law, we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act. . . . [T]he purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Internal quotation marks omitted.) *Kinsey* v. *World PAC*, 152 Conn. App. 116, 124, 98 A.3d 66 (2014).

"The powers and duties of workers' compensation commissioners are conferred upon them for the purposes of carrying out the stated provisions of the Workers' Compensation Act. . . . It is well settled that the commissioner's jurisdiction is confined by the . . . act and limited by its provisions." (Citations omitted; internal quotation marks omitted.) *Tufaro* v. *Pepperidge Farm, Inc.*, 24 Conn. App. 234, 236, 587 A.2d 1044 (1991).

I

In determining whether the commission has subject matter jurisdiction to resolve disputes regarding attorney's fees between lawyers who serially represent a claimant, we first examine the statutory language to determine whether any ambiguity exists in § 31-327 (b).[5] Vaccaro claims that "[t]he word 'all' in subsection (b) simply is not a blanket grant of authority by the legislature to the commission to resolve any and all issues related to attorney's fees."

In *Prioli* v. *State Library*, 64 Conn. App. 301, 307–10, 780 A.2d 172, cert. denied, 258 Conn. 917, 782 A.2d 1246 (2001), this court affirmed the board's decision upholding the commissioner's authority to reduce attorney's fees from the amount prescribed in a fee agreement in order to be consistent with the commission's fee guidelines. The appellant attorney in that case argued that the commissioner had the authority to approve only fees payable directly by a claimant to her attorney. Id., 307. The attorney argued that the commis-

sioner exceeded his authority in ordering a reduction to his fee, because, pursuant to a negotiated settlement, the employer, rather than the claimant, was required to pay the fee.[6] Id. This court disagreed and cited with approval the board's decision in a prior case, which held that pursuant to the plain language of § 31-327 (b), "[i]t would be inconsistent with both the clear meaning of [its language] and the humanitarian purpose of the Workers' Compensation Act in general to read § 31-327 (b) as limiting the authority of commissioners to oversee attorney's fees . . . ." (Internal quotation marks omitted.) Id., 309. The court held that "[s]ubsection (b) directly follows and modifies subsection (a), and further provides that *all* attorney's fees shall be subject to the commissioner's approval. Subsection (b) makes no distinction between fees that are awarded separately and fees that are combined with other compensation. In the absence of a statutory exception, we are not persuaded that a separate award of fees is exempt from the commissioner's approval." (Emphasis in original.) Id.

The precise issue in *Prioli*, to be sure, did not concern whether any portion of the awarded fees could have been allocated to other lawyers who represented the claimant successively. Vaccaro claims that this court determined in *Prioli* only that subsection (b) of § 31-327 modifies subsection (a).[7] The court quite clearly held, however, that § 31-327 (b) both modified subsection (a) *and* provided that all attorney's fees are subject to the commissioner's approval. Id., 308–309. Vaccaro's claim is contrary to the plain language of the statute, in that subsection (b) provides that all attorney's fees "for services *under this chapter*" are subject to the commissioner's approval. (Emphasis added.) General Statutes § 31-327 (b). The principles we cited in deciding *Prioli* would be contravened if we were to read into the unambiguous statute an exception to the word "all." Thus, under a plain reading of § 31-327 (b), we conclude that the statute unambiguously provides that the division of attorney's fees between successive counsel is subject to the commissioner's approval. Accordingly, the commissioner, and by extension the commission, had the authority to direct the division of the attorney's fees award.

This holding is consistent with our Supreme Court precedent. In *Gill* v. *Brescome Barton, Inc.*, 317 Conn. 33, 43–44, 114 A.3d 1210 (2015), our Supreme Court held that it was within the commissioner's statutory authority to order one insurance company to reimburse another for 50 percent of the claimant's temporary total disability payments, where, in the unique circumstances of that case, either of two independent injuries caused temporary total disability, and thus the commissioner had the authority to order either insurer to make 100 percent of the disability payments. The court reasoned that it could "think of no logical reason why, if the

commissioner was authorized under the literal language of the relapse statute[8] to order either of the insurance carriers to make 100 percent of the claimant's temporary total disability payments, he would not also be authorized to order each of the insurance carriers to make, in effect, only 50 percent of such payments." (Footnote added.) Id., 44. After reviewing each of the ways the commissioner could have resolved the insurance carriers' dispute about their concurrent responsibility, the court concluded that the commissioner's decision "was a necessary and reasonable interim compromise . . . ." Id., 44–45. Although there was no statutory authority precisely on point for the commissioner's decision, the court held that General Statutes § 31-278 granted commissioners the powers necessary to perform the duties imposed by law and noted that agencies have implied powers reasonably necessary to carry out powers expressly granted, because the legislature cannot possibly foresee all of the problems and circumstances that may arise in the implementation of the law. Id., 44.

Because the commissioner has the authority to approve attorney's fees regardless of source, it follows that she may decide to allocate the fees between successive counsel according to their actions and involvement in the underlying matter. The commissioner generally is in the best position to evaluate the relative contributions of counsel to the ultimate result, and resolution by the commissioner is likely to be more efficient than a second court proceeding, which likely would subject all parties and attorneys to additional time and aggravation. If the commissioner has the authority to determine that an attorney is not entitled to the full 20 percent, the maximum amount allowed by the guidelines, then it is within the reasonable exercise of that statutory authority for the commissioner to decide that more than one attorney that has performed work on the matter is entitled to some portion of the fees.

Therefore, we hold that § 31-327 (b) grants the commission the authority to adjudicate fee disputes between successive counsel concerning their representations of a claimant before the commission.

## II

Having held that the commission had the statutory authority to decide the issue of the division of the attorney's fees, we briefly address Vaccaro's constitutional claim that his right to a jury trial was violated.[9] The General Assembly enacted the Workmen's Compensation Act in 1913. Two years later, our Supreme Court held in *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 146, 93 A. 245 (1915), that the legislature had the power to eliminate traditional tort actions by employees against their employers in return for the relative speed and certainty of the administrative action. The Supreme Court more recently reiterated that the provisions of

the Workers' Compensation Act stating that a claim to the commission is the exclusive remedy of a worker against his employer do not violate the constitutional right to redress in the courts; access to the commission is a "reasonable alternative" to a common-law cause of action. *Mello* v. *Big Y Foods, Inc.*, 265 Conn. 21, 31–35, 826 A.2d 1117 (2003).

Once the constitutional validity of the express statutory powers of the commission is recognized, it follows that exercise of its implied powers necessarily passes constitutional muster. See part I of this opinion. Abrogation of the common-law tort action, with its attendant right to jury trial, is the necessary result of an effective administrative remedy; see *Mello* v. *Big Y Foods, Inc.*, supra, 265 Conn. 34; a jury trial on the subordinate issue of attorney's fees would partly defeat the purpose of the Workers' Compensation Act. As stated in a slightly different context more than one hundred years ago: "If the [a]ct permits each cause to be appealed and tried de novo in the Superior Court, its objects will be defeated, and more delay, less certainty, and more expense will ensue to the claimant than with the single trial of the old method. We may not lightly presume that the legislature intended to set up a new system, the result of long agitation, much study and the fullest publicity, and then deliberately, in the very [a]ct creating its new system, pull down the work of its hands." *Powers* v. *Hotel Bond Co.*, supra, 89 Conn. 147. It is well established that there is no right to a jury trial in proceedings before the commission. We see no reason to distinguish between trials of issues expressly within the commission's jurisdiction and those impliedly within its jurisdiction: either way, the actions are administrative.

The decision of the Workers' Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 31-327 (b) provides: "All fees of attorneys, physicians, podiatrists or other persons for services under this chapter shall be subject to the approval of the commissioner."

[2] Vaccaro has standing to bring this § 31-301b appeal even though he was not a party to the underlying workers' compensation proceeding. See *Day* v. *Middletown*, 245 Conn. 437, 441, 716 A.2d 47 (1998).

[3] Specifically, the claimant was represented by Judith Rosenberg and Patricia Carriero of Wofsey Rosen. For simplicity, we will refer to those attorneys and the law firm collectively as Wofsey Rosen throughout this opinion.

[4] The board's decision is appealable pursuant to § 31-301b even though the board remanded the matter to the commissioner for further proceedings, because § 31-301b expressly provides that a board's decision is appealable to the Appellate Court "whether or not the decision is a final decision within the meaning of section 4-183 [of the Uniform Administrative Procedure Act] or a final judgment within the meaning of section 52-263."

[5] See footnote 1 of this opinion.

[6] The attorney had submitted to the claimant an accounting that resulted in a fee of more than twice the amount that the commissioner previously had awarded; the previous award had been replaced by a negotiated agreement. Id., 305.

[7] General Statutes § 31-327 (a) provides: "Whenever any fees or expenses are, under the provisions of this chapter, to be paid by the employer or

insurer and not by the employee, the commissioner may make an award directly in favor of the person entitled to the fees or expenses, which award shall be filed in court, shall be subject to appeal and shall be enforceable by execution as in other cases. The award may be combined with an award for compensation in favor of or against the injured employee or the dependent or dependents of a deceased employee or may be the subject of an award covering only the fees and expenses."

[8] See General Statutes § 31-307b.

[9] Vaccaro's constitutional claim was not preserved before the commission or the board. We thus consider the claim only pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 120 A.3d 1188 (2015). The record is adequate to review Vaccaro's claim, and the claim is of constitutional magnitude, but we conclude that the alleged constitutional violation does not exist, and, therefore, his claim fails under the third prong of *Golding*.

———————————————————