******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# EDWARD FRANTZEN *v.* DAVENPORT ELECTRIC ET AL.
## (AC 43627)

Alvord, Prescott and Suarez, Js.

*Syllabus*

W Co., a law firm that had previously represented the claimant in proceedings before the Workers' Compensation Commission, appealed to this court from the decision of the Compensation Review Board, which vacated the decision of the Workers' Compensation Commissioner that divided equally the attorney's fees between W Co. and V, an attorney who had also successfully represented the claimant in the matter before the commission. W Co. claimed on appeal to this court that the board improperly vacated the commissioner's ruling and remanded the case for a new evidentiary hearing on the ground that there was insufficient evidence in the record to support the commissioner's distribution of attorney's fees. *Held* that there was sufficient evidence in the record from which the commissioner reasonably could have based her ruling on attorney's fees and, accordingly, the board improperly vacated the commissioner's decision: the board incorrectly applied the appropriate legal standard to its review of the commissioner's decision by vacating her ruling on the basis of its speculation that her ruling could have rested on a more solid evidentiary foundation, thereby substituting its judgment for the conclusion of the commissioner; moreover, the board's decision was devoid of any analysis of the facts found by the commissioner, and the board improperly encroached on the commissioner's discretion without making any findings as to whether her conclusions were based on an incorrect application of the law or unreasonable inferences drawn from the facts found; furthermore, the commissioner's decision to divide the attorney's fees equally was made on the basis of the record and evidence presented at the hearing, the scheduling of which both parties were properly notified, and V failed to appear before the commissioner and presented no evidence in his favor.

Argued March 9—officially released August 3, 2021

*Procedural History*

Appeal from the decision by the Workers' Compensation Commissioner for the Seventh District ordering the equal division of certain attorney's fees between the claimant's counsel, brought to the Compensation Review Board, which vacated the commissioner's decision and remanded the case for further proceedings, and Wofsey, Rosen, Kweskin & Kuriansky, LLP, appealed to this court. *Reversed*; *judgment directed.*

*Zachary J. Phillipps*, with whom were *David M. Cohen*, and, on the brief, *Adam J. Blank*, for the appellant (Wofsey, Rosen, Kweskin & Kuriansky, LLP).

*Andrew S. Knott*, with whom, on the brief, was *Robert J. Santoro*, for the appellee (Enrico Vaccaro).

*Opinion*

PRESCOTT, J. In this fee dispute between successive counsel concerning their representations of a successful claimant before the Workers' Compensation Commission, the law firm of Wofsey, Rosen, Kweskin & Kuriansky, LLP (Wofsey Rosen) appeals from the decision of the Compensation Review Board (board) vacating a decision of the Workers' Compensation Commissioner (commissioner) to award 50 percent of the attorney's fees to Wofsey Rosen and the other 50 percent to Attorney Enrico Vaccaro.[1] On appeal, Wofsey Rosen claims that the board improperly vacated the commissioner's ruling and remanded the matter for a new evidentiary hearing on the ground that there was insufficient evidence in the record to support the fifty-fifty distribution of the attorney's fees.[2] We agree and, accordingly, reverse the board's decision and remand the case to the board with direction to affirm the decision of the commissioner.

The following facts and procedural history, as set forth in this court's decision in *Frantzen* v. *Davenport Electric*, 179 Conn. App. 846, 848–49, 181 A.3d 578, cert. denied, 328 Conn. 928, 182 A.3d 637 (2018) (*Frantzen I*), are relevant to our disposition of the present appeal. "Both Vaccaro and Wofsey Rosen represented Edward Frantzen, the claimant, in claims for compensation brought against his employer, Davenport Electric, for work-related injuries sustained in 1994, 1998, and 2003. Wofsey Rosen represented the claimant from March 18, 1998, to April 1, 2005. Attorney Allan Cane . . . represented the claimant from April 27, 2005, to July 13, 2007. Vaccaro represented the claimant from July 13, 2007, to May 8, 2014. On May 8, 2014, a stipulation was approved by Commissioner Charles F. Senich pursuant to which $850,000 was awarded to the claimant. The commissioner also approved attorney's fees of 20 percent, with instruction for Vaccaro to hold the amount of the fees in escrow until the fee dispute was resolved. On June 13, 2014, Vaccaro filed a brief that challenged the commission's subject matter jurisdiction over the fee dispute and attacked Wofsey Rosen's claim to any portion of the escrowed fees.

"On September 30, 2014, a hearing was held before Commissioner Michelle D. Truglia on, among other things, Vaccaro's challenge to the commission's subject matter jurisdiction. Vaccaro was given the opportunity to submit evidence of his fee arrangement with the claimant, along with a statement of time and charges attributable to this representation. Vaccaro submitted a copy of his fee agreement but did not provide any evidence of time or charges attributable to this representation. Wofsey Rosen, on the other hand, provided substantial evidence regarding its representation of the claimant. After finding that the commission had subject matter jurisdiction over the fee dispute, the commis-

sioner decided that, because of Vaccaro's failure to document his time and charges, it was impossible to determine the scope and value of his representation of the claimant, and ordered a [fifty-fifty] split of the escrowed attorney's fees between Vaccaro and Wofsey Rosen.

"Vaccaro then appealed from the decision to the board, which on February 24, 2016, affirmed the commissioner's decision as to subject matter jurisdiction but reversed as to the division of the fees, and remanded the matter to the commissioner for a full evidentiary hearing on the issue. Vaccaro thereafter appealed to this court." (Footnote omitted.) *Frantzen* v. *Davenport Electric*, supra, 179 Conn. App. 848–49. In *Frantzen I*, this court affirmed the decision of the board, holding that the commissioner had the authority to adjudicate the fee dispute between Wofsey Rosen and Vaccaro. See id., 853–55.

In accordance with the remand from the board, the commissioner scheduled a formal evidentiary hearing on attorney's fees (hearing). On February 29, 2016, notice of that hearing was sent to all parties, informing them that the hearing would be held on March 22, 2016. On March 16, 2016, six days before the hearing,[3] Vaccaro faxed a letter advising the commission that he could not attend the hearing because he was scheduled for trial in the Superior Court. The commissioner requested confirmation of the alleged conflict, but Vaccaro never responded to that request. During the six days leading up to the hearing, the commission made additional telephone calls to Vaccaro to notify him that his implicit request for a continuance of the hearing had not been granted. Vaccaro, however, never responded.

On March 22, 2016, the hearing was held. Two attorneys, Judith Rosenberg and Adam Blank, appeared before the commissioner on behalf of Wofsey Rosen and submitted evidence to support its claim for attorney's fees, which included the claimant's fee agreement with Wofsey Rosen, contemporaneous time records, and testimony by Rosenberg regarding the professional services rendered to the claimant during Wofsey Rosen's period of representation. Wofsey Rosen entered into evidence an exhibit further detailing the work done for the claimant. Vaccaro did not appear, formally request a continuance, or otherwise communicate to the commissioner regarding his purported scheduling conflict with the hearing date.

On March 30, 2016, the commissioner issued her ruling, again awarding a fifty-fifty split of the $170,000 in attorney's fees on the basis of the entirety of the record before her, including the evidence presented at the March 22, 2016 hearing.[4] Vaccaro again appealed to the board, this time challenging the commissioner's denial of his request for a continuance and decision to proceed in his absence, and the commissioner's fifty-fifty divi-

sion of the escrowed attorney's fees between Wofsey Rosen and Vaccaro.

On November 4, 2019, the board issued its decision vacating the commissioner's award and again remanding the matter back to the commissioner for a new hearing. The board concluded that the commissioner's denial of Vaccaro's request to postpone the hearing did not "[constitute] error in and of itself." The board stated, however, that "the commissioner elected to issue her ruling solely on the basis of evidence accumulated during the March 22, 2016 hearing, and we are not persuaded that the evidence garnered at that time [constitutes] a sufficient basis for affirming the ruling. Had the commissioner chosen to continue the formal proceedings in order to allow [Vaccaro] the opportunity to appear at a later date and present his arguments regarding the proper allocation of the disputed fee, and to allow the parties to conduct cross-examination if they so chose, then the ruling would have rested on a more solid evidentiary foundation. This did not happen and, as a result, we are compelled to vacate the ruling and remand this matter for a trial de novo." This appeal followed. Additional facts will be set forth as necessary.

Wofsey Rosen claims that the board incorrectly concluded that there was insufficient evidence upon which to affirm the commissioner's March 30, 2016 ruling, in which she awarded 50 percent of the attorney's fees to Wofsey Rosen and the other 50 percent to Vaccaro. Wofsey Rosen argues that, in fact, there was sufficient evidence presented at the March 22, 2016 hearing to support the commissioner's distribution of attorney's fees. Specifically, Wofsey Rosen contends that the board's statements that it was "not persuaded that the evidence garnered at that time [constituted] a sufficient basis for affirming the ruling" and that "the ruling [could] have rested on a more solid evidentiary foundation" indicate that the board improperly retried the facts and substituted its own inferences for those of the commissioner, which is contrary to the appropriate legal standard applicable to the board's review of a commissioner's decision. Moreover, Wofsey Rosen argues that the board did not address with any particularity the alleged insufficiencies in the evidence or further explain its reasoning. Rather, according to Wofsey Rosen, the board's decision was based on mere speculation that further proceedings would have provided "a more solid evidentiary foundation." For the reasons that follow, we agree with Wofsey Rosen that the board improperly vacated the decision of the commissioner on the basis of an allegedly insufficient evidentiary record.[5]

As a threshold matter, we first set forth the applicable standard of review. "The principles that govern our standard of review in workers' compensation appeals are well established. . . . The board sits as an appel-

late tribunal reviewing the decision of the commissioner. . . . [T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [T]he power and duty of determining the facts rests on the commissioner . . . . [T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . . Where the subordinate facts allow for diverse inferences, the commissioner's selection of the inference to be drawn must stand unless it is based on an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . .

"This court's review of decisions of the board is similarly limited. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [W]e must interpret [the commissioner's finding] with the goal of sustaining that conclusion in light of all of the other supporting evidence. . . . Once the commissioner makes a factual finding, [we are] bound by that finding *if there is evidence in the record to support it*." (Emphasis added; internal quotation marks omitted.) *Story* v. *Woodbury*, 159 Conn. App. 631, 636–37, 124 A.3d 907 (2015). In the context of an administrative appeal, "the sufficiency of the evidence to support a finding . . . clearly presents a question of law" that "we examine . . . under the plenary standard of review." (Internal quotation marks omitted.) *Raymond* v. *Zoning Board of Appeals*, 76 Conn. App. 222, 256, 820 A.2d 275, cert. denied, 264 Conn. 906, 826 A.2d 177 (2003).

On the basis of our review of the record, we conclude that there is sufficient evidence in the record from which the commissioner reasonably could have based her ruling on attorney's fees and, accordingly, the board acted improperly in vacating the commissioner's decision. Although the board acknowledged that the "trial commissioner's factual findings and conclusions must stand unless they are without evidence, contrary to law or based on unreasonable or impermissible factual inferences," the board incorrectly applied that legal standard to its review of the commissioner's decision by vacating the commissioner's ruling on the basis of its speculation that the ruling could have "rested on a more solid evidentiary foundation." The board conceded that its review of the commissioner's decision " 'requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial [commissioner] could have reasonably concluded as it did.' " Despite this apparent understanding of the legal standard, the board improperly reversed the commissioner's ruling by substituting its own judgment for the conclusion of the commissioner.

The law does not require, as the board asserted in

its decision, "a more solid evidentiary foundation" than that on which the commissioner relied. The law, instead, requires the board to determine whether there was evidence before the commissioner to support her factual findings, and whether the inferences drawn from the facts found were illegal or unreasonable. The board is required to hear the appeal on the basis of the record presented, not to retry the facts or to speculate about facts outside of the record that may have been proven. Moreover, although the board based its decision on an alleged insufficiency of the evidence, the board's decision was devoid of any analysis of the facts found by the commissioner. The board improperly encroached on the commissioner's discretion without making any findings as to whether the commissioner's conclusions were based on an incorrect application of the law or unreasonable inferences drawn from the facts found.[6]

The commissioner's decision to divide the attorney's fees award evenly between the parties was made on the basis of the record as a whole as well as the evidence presented at the March 22, 2016 hearing, of which both parties were properly notified. At the hearing, Wofsey Rosen presented extensive evidence to support the firm's considerable work on the claimant's underlying workers' compensation claims, namely, the claimant's fee agreement with the firm, contemporaneous time records, correspondence, and testimony by Rosenberg regarding the professional services rendered to the claimant during Wofsey Rosen's period of representation. The commissioner drew reasonable inferences from the evidence before her, specifically that Wofsey Rosen "presented more than adequate justification" for an award of 50 percent of the attorney's fees and that "by virtue of [Vaccaro's] failure to attend the March 22, 2016 formal proceedings on remand, [Vaccaro] has presented no evidence that would warrant a greater percentage of the escrowed attorney's fees other than the 50 [percent] share previously awarded . . . ." As we have stated previously in this opinion, Vaccaro failed to appear before the commissioner and, accordingly, presented no evidence in his favor.[7] Despite the board's speculation that further proceedings would provide a more solid evidentiary foundation, Vaccaro has never offered any evidence substantiating his time spent and expenses incurred in his representation of the underlying claimant. Moreover, at oral argument before this court, when asked whether Vaccaro has ever produced a competent record regarding his time spent on the matter, counsel for Vaccaro conceded that he has not. On the basis of the evidence presented at the hearing, as well as the underlying record available to her, the commissioner concluded that a fifty-fifty split of the escrowed attorney's fees was appropriate.

Moreover, the commissioner's decision to split the attorney's fees equally was not based on an incorrect application of the law to the subordinate facts or on

an inference illegally or unreasonably drawn from those facts. It was well within the commissioner's authority to award attorney's fees on the basis of the evidence presented at the hearing.[8] The commissioner was not obligated to hold any further evidentiary hearings, and properly relied on the evidence presented by Wofsey Rosen to demonstrate what portion of the claimant's award that was previously set aside for attorney's fees should be awarded to it. Vaccaro was notified properly of his opportunity to present evidence to support his own claim to a portion of the escrowed attorney's fees, and failed to do so on his own accord. The board, and we in turn, cannot disturb the commissioner's conclusion as long as it is supported by the underlying facts. See, e.g., *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 801, 669 A.2d 1214 (1996). We conclude that, because there is sufficient evidence to support the commissioner's finding that Wofsey Rosen was entitled to 50 percent of the attorney's fees awarded as part of the workers' compensation settlement, the board improperly vacated and remanded the matter to the commissioner on the ground that the ruling could have "rested on a more solid evidentiary foundation." Therefore, it was improper for the board to reverse the commissioner's ruling and remand the case for a new hearing.

The decision of the Compensation Review Board is reversed and the case is remanded to the board with direction to affirm the decision of the Workers' Compensation Commissioner.

In this opinion the other judges concurred.

[1] Although neither Wofsey Rosen nor Vaccaro was a party with respect to the workers' compensation claim itself, they were parties with respect to the fee dispute proceeding underlying the present appeal. See *Day* v. *Middletown*, 245 Conn. 437, 440–42, 716 A.2d 47 (1998) (because underlying compensation claim settled, leaving only matter of attorney's fees to be resolved, aggrieved firm entitled to appeal); see also *State* v. *Salmon*, 250 Conn. 147, 157, 735 A.2d 333 (1999) (explaining that, "in the context of appeals from the decisions of administrative agencies, we have construed the term 'party' more broadly than its ordinary, technical legal meaning").

[2] Wofsey Rosen also claims on appeal that the board improperly vacated the commissioner's ruling on the ground that the commissioner should have granted Vaccaro's implicit request for a continuance of the evidentiary hearing. It is not necessary to address the merits of this claim, however, because we disagree with its underlying premise. Specifically, the record demonstrates that the board did not rely on the commissioner's decision not to grant Vaccaro's request to postpone the hearing as a basis for reversal. To the contrary, the board specifically stated, "we are not persuaded that the commissioner's decision to proceed with the formal hearing of March 22, 2016, constituted error in and of itself. It is well settled that the decision to grant or deny a request for continuance lies well within a commissioner's discretion." Although the board later commented that the evidentiary record could have been improved had the commissioner granted the continuance, we construe the board's decision as having been based only on the perceived lack of sufficient evidence before the commissioner when it made its ruling regarding the attorney's fees, and not on the commissioner's decision to deny Vaccaro's implicit request for a continuance.

[3] In her decision, the commissioner stated that Vaccaro "waited until four days prior to the commencement of the formal proceedings to alert the commission to a purported conflict . . . ." See footnote 7 of this opinion. This discrepancy appears to be an error by the commissioner given the date on the fax, which is part of the record. This error was not raised to the board and it has no significance to our resolution of the claims before us.

[4] The commissioner's determination of how to divide the attorney's fees equitably between the attorneys was not made solely on the basis of her consideration of the evidence presented by Wofsey Rosen at the evidentiary hearing. The commissioner also had the entire underlying record available to her for review and, thus, was able to assess Wofsey Rosen's evidentiary submissions in the context of the legal work reasonably performed in this matter as reflected by the record as a whole.

[5] In his appellate brief, in addition to responding to Wofsey Rosen's claims, Vaccaro makes three claims of his own. Specifically, he claims that the commissioner improperly failed (1) to recuse herself in this matter, (2) to stay the hearing until this court had rendered a final decision in *Frantzen I*, in which he had challenged the commissioner's authority to decide the fee dispute, and (3) to comply with the board's remand order to hold an evidentiary hearing because she reached her decision without Vaccaro having proffered any evidence. We note, as a preliminary matter, that to the extent that Vaccaro was aggrieved by the board's rejection of any claims raised before it, Vaccaro failed to file a cross appeal. See Practice Book § 61-8. Furthermore, he also failed to file a preliminary statement of issues properly raising these claims or any others as potential alternative grounds for affirmance. See Practice Book § 63-4 (a) (1). For those reasons, in addition to those that follow, we decline to review his claims.

First, with respect to the recusal claim, Vaccaro argued before the board that the commissioner should have disqualified herself. The board declined to review this claim in its November 4, 2019 decision because its "decision to remand this matter for a new trial renders this [o]pinion an inappropriate vehicle to conduct that discussion." Even if this claim were properly before us, we would decline to entertain the merits of Vaccaro's claim of recusal on appeal in light of the fact that Vaccaro never properly raised the issue of recusal to the commissioner. See *State* v. *$7379.54 United States Currency*, 80 Conn. App. 471, 472–73 n.2, 844 A.2d 220 (2003) (stating well settled rule that appellate courts ordinarily will decline to review on appeal claim that trier should have recused itself if no such request was made at trial); *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45–47, 668 A.2d 1346 (1996) (applying rule in workers' compensation appeal).

Second, Vaccaro argues for the first time before this court that the March 22, 2016 hearing should have been stayed because the question of the commissioner's subject matter jurisdiction was pending before this court. Our rules of practice, however, provide that "there shall be no automatic stay in actions concerning . . . any administrative appeal . . . . For purposes of this rule, administrative appeal means an appeal filed from a final judgment of the trial court or the Compensation Review Board rendered in an appeal from a decision of any officer, board, [or] commission . . . ." (Internal quotation marks omitted.) Practice Book § 61-11 (b). Accordingly, even if we were inclined to review the claim, it fails on its merits.

Finally, Vaccaro's third claim, to the extent that it is cognizable, is intertwined with our resolution of Wofsey Rosen's appeal and our rejection of Vaccaro's other claims, and, thus, it would serve no useful purpose for us to evaluate it independently of the claim raised by Wofsey Rosen.

[6] The procedural facts of the present case are similar in posture to those in *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 801–802, 669 A.2d 1214 (1996). In *Six*, our Supreme Court reversed a decision by the Compensation Review Board reversing a Workers' Compensation Commissioner's decision. Id. In considering whether the board improperly reversed the commissioner's decision, our Supreme Court looked to whether the commissioner's decision was based on an incorrect application of the law to the subordinate facts or on an inference illegally or unreasonably drawn from those facts. Id. The court concluded that the commissioner's decision was supported by facts in the record and reasonable inferences drawn from those facts and was based on a correct application of the law. Id. Accordingly, our Supreme Court held that it was improper for the board to have reversed the commissioner's decision. Id.

[7] In her March 30, 2016 ruling, the commissioner made the following conclusion: "Vaccaro was provided with statutory notice of the March 22, 2016 formal proceeding on remand from the Compensation Review Board nearly four weeks in advance of the scheduled hearing. Despite such advance notice, he waited until four days prior to the commencement of the formal proceedings to alert the commission to a purported conflict and, thereafter, failed and refused repeated requests from the presiding trial commissioner to substantiate his unavoidable conflict. Accordingly, there was no other conclusion to draw other than . . . Vaccaro had no legitimate conflict pre-

cluding him from attending the March 22, 2016 formal proceedings. It therefore follows that there was no justification to postpone the formal proceedings on remand before the commission." The board did not base its decision to vacate the commissioner's ruling on her conclusions regarding Vaccaro's failure to appear. Rather, the board stated that "we are not persuaded that the commissioner's decision to proceed with the formal hearing of March 22, 2016 constituted error in and of itself." Thus, the commissioner's conclusion that there was no justification to postpone the proceedings must stand, and, as such, the commissioner was well within her discretion to make a ruling on the basis of the evidence presented at the March 22, 2016 hearing.

[8] See *Frantzen* v. *Davenport Electric*, supra, 179 Conn. App. 855 (holding "that [General Statutes] § 31-327 (b) grants the commission the authority to adjudicate fee disputes between successive counsel concerning their representations of a claimant before the commission").

––––––––––––––––––––––––––––